UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. NO.: 3:02-548 (CMC) |
| | ) | |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| Joseph Troy McConnell, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of both trial and appellate counsel. The Government responded in opposition to Defendant's motion, moving for summary judgment. An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Defendant of the importance of and requirements relating to a response. Defendant responded to the Government's motion, and the matter is ripe for resolution.

**BACKGROUND**

In July 2002, Defendant, together with thirty-two (32) codefendants, was indicted by a federal grand jury for participating in a conspiracy to distribute 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant was also charged with a specific instance of distribution of 500 grams or more of cocaine.

Defendant proceeded to trial in March 2003, and was found guilty on May 2, 2003. On March 25, 2004, Defendant was sentenced to 330 months' imprisonment and a term of supervised release of ten years.

Defendant appealed his conviction and sentence. In a consolidated appeal, the Fourth Circuit Court of Appeals determined that error committed by this court under *Booker v. United States*, 543

1

U.S. 220 (2005), was not harmless, and vacated Defendant's sentence and remanded to this court for resentencing.

On July 23, 2008, Defendant appeared for resentencing. After due consideration of the Sentencing Guidelines and other factors under 18 U.S.C. § 3553, Defendant was sentenced to 188 months' imprisonment. Defendant thereafter appealed, and on May 8, 2009, the Fourth Circuit affirmed Defendant's sentence. *United States v. McConnell*, 326 Fed. App'x 218 (4th Cir. 2009).

Defendant's claims mostly relate to his firearms enhancement and his contention that he received ineffective assistance of counsel as to that enhancement. The applicability of the enhancement was raised at sentencing and decided against him, and raised on appeal and decided against him. Whether Defendant had received a state court expungement for unlawful carrying of a pistol on a particular day has no bearing on the enhancement Defendant received at sentencing. For this and the reasons noted by the Government in its memorandum in support of the motion for summary judgment, with which this court agrees and adopts as its findings, Defendant is not entitled to relief. Accordingly, the court **grants** the Government's motion for summary judgment and this motion is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 6, 2011

3